In the Matter of the Application of NATHAN KELMENSON and Another, Respondents, for a Peremptory Mandamus Order against FRANK E. MANN, as Tenement House Commissioner, and Another, Appellants.

Second Department, December 21, 1923.

**Municipal corporations — city of New York — mandamus to compel tenement house commissioner to prevent erection of tenement house, plans for which he had approved — courts will not interfere except in clear case — determination by commissioner of width of court yards under zoning resolutions will not be disturbed.**

A peremptory mandamus order will not be granted to compel the tenement house commissioner of the city of New York to prevent the erection of a tenement house, the plans for which he had approved, on the ground that the proposed building covered more land than the zoning resolutions permitted, except in a very clear case. In this proceeding no facts are shown justifying the disturbance of the action of the tenement house commissioner, and, in fact, if the contentions of respondent were approved, there would be an unreasonable interference with the property rights of the appellant.

APPEAL by Frank E. Mann, as tenement house commissioner, and another from a peremptory mandamus order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 4th day of September, 1923, directing said Frank E. Mann, as tenement house commissioner, to take the proper measures to prevent the erection of a tenement house for which he had approved plans.

*Michael J. Kelly* [*George P. Nicholson, Corporation Counsel, John F. O'Brien* and *Joseph I. Berry* with him on the brief], for the appellant Frank E. Mann, as tenement house commissioner.

*Victor Gray,* for the appellant Frances Cairone.

*Nathan Kelmenson,* for the respondents.

PER CURIAM:

We think no case was made out calling for interference by mandamus with the decision of the tenement house commissioner in a matter necessarily involving expert knowledge of building conditions. These matters are left to the judgment of the commissioner and it must be a very clear case which will justify interference by the court. The building in question is in two separate zoning districts with differing regulations concerning court yard spaces. The tenement house commissioner has determined the width of the court yards in each zone according to the length of the building in that zone. The result is to substantially curtail the use of the property for building purposes by the owner, but if the reasoning of the petitioner is to be adopted and the entire length of the building is to be taken as governing the width of the court yards on either side, the available building space on the lot, with 40 feet frontage, would be limited to a building less than twelve feet wide; and, carried to its logical conclusion, if the building were much longer it must come to a point. These matters were before the Special Term on the denials contained in the affidavits in opposition to the motion. The appellant Frances Cairone owns 6,000 square feet of land and under the plans approved by the tenement house commissioner she can use but 3,196 square feet for her building. If the reasoning of the learned justice at Special Term applied to the situation presented, the property owner could use but 1,865 square feet of her land for building purposes. We think the zoning restrictions contemplated no such unreasonable interference with the property rights of the appellant. The peremptory mandamus order should be reversed upon the law and the facts, with ten dollars costs and disbursements to each appellant, and the application for peremptory mandamus should be denied, with fifty dollars costs.

KELLY, P. J., RICH, KELBY, YOUNG and KAPPER, JJ., concur.

Peremptory mandamus order reversed upon the law and the facts, with ten dollars costs and disbursements to each appellant, and application for peremptory mandamus denied, with fifty dollars costs.